IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD R. MARTINEZ

     Plaintiff,                              No. CIV S-08-1517 MCE EFB PS

     vs.

FIDELITY NATIONAL TITLES, et al.,       ORDER

     Defendants.
_____/

      This case, in which plaintiff is proceeding *in propria persona*, was referred to the undersigned under Local Rule 72-302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). Plaintiff seeks leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. He has submitted the affidavit required by § 1915(a) showing that he is unable to prepay fees and costs or give security therefor. Accordingly, the request to proceed *in forma pauperis* will be granted. 28 U.S.C. § 1915(a).

      Determining plaintiff may proceed *in forma pauperis* does not complete the required inquiry. Pursuant to 28 U.S.C. § 1915(e)(2), the court is directed to dismiss the case at any time if it determines the allegation of poverty is untrue, or if the action is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against an immune defendant.

1

Although pro se pleadings are liberally construed, *see Haines v. Kerner*, 404 U.S. 519, 520-21 (1972), a pro so plaintiff must still satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(1) requires the plaintiff to set forth a "short and plain statement of the grounds for the court's jurisdiction." Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do. Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id.* (citations omitted).

Here, plaintiff's complaint fails to comply with Rule 8. It fails to allege a basis for this court's jurisdiction and fails to set forth a short and plain statement of grounds entitling plaintiff to relief.

A federal court is a court of limited jurisdiction, and may adjudicate only those cases authorized by the Constitution and by Congress. *Kokkonen v. Guardian Life Ins. Co*., 511 U.S. 375, 377 (1994). The basic federal jurisdiction statutes, 28 U.S.C. §§ 1331 & 1332, confer "federal question" and "diversity" jurisdiction, respectively. Federal question jurisdiction requires that the complaint (1) arise under a federal law or the U. S. Constitution, (2) allege a "case or controversy" within the meaning of Article III, § 2 of the U. S. Constitution, or (3) be authorized by a federal statute that both regulates a specific subject matter and confers federal jurisdiction. *Baker v. Carr*, 369 U.S. 186, 198 (1962).

To invoke the court's diversity jurisdiction, a plaintiff must specifically allege the diverse citizenship of all parties, and that the matter in controversy exceeds $75,000. 28 U.S.C. § 1332(a); *Bautista v. Pan American World Airlines, Inc*., 828 F.2d 546, 552 (9th Cir. 1987). A

case presumably lies outside the jurisdiction of the federal courts unless demonstrated otherwise. *Kokkonen,* 511 U.S. at 376-78. Lack of subject matter jurisdiction may be raised at any time by either party or by the court. *Attorneys Trust v. Videotape Computer Products, Inc.*, 93 F.3d 593, 594-95 (9th Cir. 1996).

Here, plaintiff cites to numerous provisions of the federal penal code, none of which provide a private right of action or otherwise confer jurisdiction in this context. *See, e.g., Federal Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 137 (4th Cir. 1987) (no private right of action under 18 U.S.C. § 1001); *Isbell v. Stewart & Stevenson, Ltd.*, 9 F. Supp. 2d 731, 734 (S.D. Tex. 1998) (no private right of action under §§ 1621, 1623); *Griffiths v. Siemens Automotive, L.P.*, No. 92-21181994 U.S. App. LEXIS 32311, at *6 (4th Cir. Nov. 16, 1994) (no private right of action under §§ 1622, 1623). Indeed, there is generally no private right of action to enforce criminal statutes. *See Collins v. Palczewski*, 841 F. Supp. 333, 340 (D. Nev. 1993); *American Post. Wkrs. U., Detroit v. Independent Post. Sys.*, 481 F.2d 90, 93 (6th Cir. 1973); *Hunter v. District of Columbia,* 384 F. Supp. 2d 257, 260 n.1 (D.D.C. 2005).

Although plaintiff alleges violations of federal antitrust and securities laws, his factual allegations are so muddled that the court is unable to determine whether or not he has alleged facts to state a claim under any of the cited laws. Mere reference to federal statutes and constitutional rights is insufficient to establish federal question jurisdiction. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) (to state a claim arising under federal law, it must be clear from the face of plaintiff's well-pleaded complaint that there is a federal question). Finally, plaintiff does not allege facts sufficient to invoke the court's diversity jurisdiction.

////

////

////

////

3

The complaint also fails to comply with Rule 8(a)(2), as the factual allegations are nearly unintelligible and do not establish any discernible right of action.[1]  As such, the complaint fails to provide the defendants (or the court) with "fair notice of what [plaintiff's] claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-65 (May 21, 2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)).

For the foregoing reasons, the court dismisses plaintiff's complaint for failure to comply with Rule 8.  Plaintiff will be granted leave to file an amended complaint that complies with Rule 8 and corrects the deficiencies addressed herein. *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (district courts must afford pro se litigants an opportunity to amend to correct any deficiency in their complaints).  Should plaintiff choose to file an amended complaint, he shall identify each defendant in both the caption and the body of the amended complaint, and clearly set forth the allegations against each defendant.

Plaintiff is further informed that, should he file an amended complaint, the court cannot refer to prior pleadings in order to make an amended complaint complete.  Local Rule 15-220 requires that an amended complaint be complete in itself.  This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967).  Accordingly, once plaintiff files an amended complaint, the previous complaints no longer serve any function in the case.  Therefore, "a plaintiff waives all causes of action alleged in the original complaint which are not alleged in the amended complaint," *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981), and defendants not named in an amended complaint are no longer defendants. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

////

////

---

[1] The documents filed by plaintiff on July 21, 25, and August 5, 2008, fail to provide any clarification.  These filings are incomprehensible and are not contemplated by the Federal Rules of Civil Procedure.

4

1  Finally, the court cautions plaintiff that failure to comply with the Federal Rules of Civil
2  Procedure, this court's Local Rules, or any court order may result in a recommendation that this
3  action be dismissed. *See* Local Rule 11-110.
4  Accordingly, IT IS ORDERED that:
5  1. Plaintiff's request for leave to proceed *in forma pauperis* is granted;
6  2. Plaintiff's complaint is dismissed with leave to amend; and,
7  3. Plaintiff is granted thirty days from the date of service of this order to file an amended
8  complaint. The amended complaint must bear the docket number assigned to this case and must
9  be labeled "First Amended Complaint." Failure to timely file an amended complaint in
10 accordance with this order will result in a recommendation this action be dismissed.
11 DATED: October 29, 2008.

_____
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

5