IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD R. MARTINEZ,

    Plaintiff,                                 No. CIV S-08-1517 MCE EFB PS

    vs.

FIDELITY NATIONAL TITLES, et al.,

    Defendants.                              <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        This action, in which plaintiff is proceeding *pro se*, was referred to the undersigned by Eastern District of California Local Rule 302(c)(21), pursuant to 28 U.S.C. § 636(b)(1). On October 29, 2008, the undersigned issued an order dismissing plaintiff's complaint and granting plaintiff thirty days to file an amended complaint. Dckt. No. 7. Plaintiff failed to file an amended complaint or otherwise respond to the October 29, 2008 order. Therefore, on January 23, 2009, the undersigned issued findings and recommendations which recommended that the action be dismissed without prejudice for failure to prosecute and that the Clerk be directed to close the case. Dckt. No. 8. On April 30, 2009, the assigned district judge adopted that recommendation, dismissed the action, closed the case, and entered judgment accordingly. Dckt. Nos. 9, 10. Notwithstanding that judgment, on November 6, 2009, plaintiff filed a verified second amended complaint. Dckt. No. 11. On December 7, 2009, the undersigned issued an

1

order disregarding the amended complaint because it was untimely and because plaintiff had not established that he was entitled to reconsideration of the order adopting the January 23, 2009 findings and recommendations or relief from the April 30, 2009 judgment.  Dckt. No. 12.

On December 21, 2009, plaintiff filed "Objections to Magistrate Judge's Findings and Recommendations."  Dckt. No. 13.  It is unclear whether plaintiff's objections are to the undersigned's January 23, 2009 findings and recommendations or are really a request for reconsideration of the December 7, 2009 order.  To the extent that they are objections to the January 23, 2009 findings and recommendations, they are untimely.  *See* Fed. R. Civ. P. 72(b)(1); L.R. 304; Dckt. No. 8 at 2.  To the extent that they seek reconsideration of the December 7, 2009 order, they do not comply with the Local Rules.  *See* L.R. 303.  Regardless, because judgment has already been entered in this action, plaintiff requests – to file an amended complaint – necessarily requires relief from the April 30, 2009 judgment.  Therefore, the objections are construed as a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b).

Rule 60(b) provides that "[o]n motion and just terms, the court may relieve a party . . . from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect; . . . [or] any other reason that justifies relief."  Fed. R. Civ. P. 60(b).  Rule 60(c) requires such a motion to "be made within a reasonable time."  Fed. R. Civ. P. 60(c).  Plaintiff's objections were filed nearly nine months after judgment was entered, and contend only that plaintiff's failure to amend his complaint earlier "was and is directly related to 'Medical Issues' that had a 'Chilling Effect' on the: 'Civil Rights,' 'Constitutional Rights,' and 'Human Rights' of [plaintiff], easily proven by an excessive amount of 'Medical Records' on a monthly basis for well over a year period.  Under the care of at least five doctors over nearly a fourteen month period from 10/13/2008 to now."  Plaintiff's objections do not explain those "medical issues" any further or provide any of the referenced medical records.  Moreover, although the objections state that plaintiff has suffered from the "medical issues" since October 13, *2008*, attached to

plaintiff's verified second amended complaint is a letter to the court stating that on October 16, *2009*, plaintiff "was a victim of a violent crime and [has] been incapacitated financially and mentally due to strong medications not conducive to productivity." Dckt. No. 11-2 (emphasis added). In light of plaintiff's failure to support his allegations regarding his medical issues and the discrepancy between the dates set forth in plaintiff's objections and in the letter attached to his proposed amended complaint, the undersigned cannot find that plaintiff's request for relief from judgment is based on "excusable neglect" or "any other reason that justifies relief." Therefore, the undersigned will recommend that the motion for relief from judgment be denied.[1]

Accordingly, good cause appearing, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's December 21, 2009 objections, Dckt. No. 13, be construed as a motion for relief from the April 30, 2009 judgment; and

2. The motion for relief from the April 30, 2009 judgment, Dckt. No. 13, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: January 11, 2010.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[1] Because the April 30, 2009 dismissal was without prejudice, plaintiff can reassert his claims in a separate action. Dckt. Nos. 9, 10.

3